# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1694V
Filed: November 5, 2024

| | |
|---|---|
| * * * * * * * * * * * * * *  <br>JENNIFER KOHLMEYER, <br> <br>Petitioner, <br>v. <br> <br>SECRETARY OF HEALTH <br>AND HUMAN SERVICES, <br> <br>Respondent. <br>* * * * * * * * * * * * * * | * <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* <br>* |

*Mark Sadaka, Esq.*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Ryan Miller, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 31, 2019, Jennifer Kohlmeyer filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she developed paresthesia, myalgias, carpal tunnel syndrome, and small fiber neuropathy ("SFN") as a result of the influenza ("flu") vaccine she received on November 7, 2016. Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

### I. Procedural History

The petition was filed on October 31, 2019. ECF No. 1. Petitioner filed medical records thereafter on November 11, 2019; January 10, 2020; and March 10, 2020. Petitioner's Exhibits ("Pet. Ex.") 1-4, ECF No. 6; Pet. Ex. 5-6, ECF No. 8; Pet. Ex. 7-8, ECF No. 12. Petitioner filed an affidavit and a statement of completion on April 9, 2020. ECF Nos. 14-15.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The case was assigned to the undersigned on April 10, 2020. ECF Nos. 16-17.

On November 9, 2020, respondent filed his Rule 4(c) Report, recommending against compensation. ECF No. 25. Thereafter, following eight motions for extension of time granted over the course of a year and a half, petitioner filed an expert report, CV, and medical literature from Dr. Joseph Jeret on May 2, 2022. Pet. Ex. 10-27, ECF Nos. 37-38.

An Order issued on May 2, 2022 noting that Dr. Jeret's report was underdeveloped on Prong I and overall insufficient to satisfy *Althen*. Petitioner was ordered to file a supplemental report. ECF No. 39. After two granted motions for extension of time, petitioner filed an expert report, CV, and medical literature from Dr. David Axelrod on October 31, 2022. Pet. Ex. 28-52, ECF Nos. 44-45.

On February 13, 2023, respondent filed expert reports, CVs, and medical literature from Dr. Robert Fujinami and Dr. Harold Moses. Respondent's Exhibits ("Resp. Ex.") A-D. ECF No. 47. Petitioner filed responsive reports from Drs. Jeret and Axelrod on April 10, 2023. Pet. Ex. 53-78, ECF Nos. 49-51. Respondent then filed supplemental reports from Drs. Fujinami and Moses on July 6, 2023. Resp. Ex. E-F, ECF No. 54.

A Rule 5 conference was held on August 24, 2023, during which the progression of the case was discussed in detail, and it was noted that onset continued to be an issue. When asked how he would like to proceed, petitioner's counsel advised that he wanted to file supplemental expert reports to address the issues raised during the conference. ECF No. 55.

Thereafter, petitioner filed a supplemental report from Dr. Axelrod and respondent filed a supplemental report from Dr. Fujinami. Pet. Ex. 79-88, ECF No. 58-59; Resp. Ex. G, ECF No. 60. Petitioner then filed a status report requesting an entitlement hearing, and a two-day entitlement hearing was scheduled for October 14 and 15, 2026. ECF No. 61-62.

On May 30, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 63. Petitioner requests a total of **$60,056.79,** representing $45,240.40 in attorneys' fees and $14,816.39 in costs. Motion for Interim Fees, Ex. 1 at 1, 33. Respondent filed a response on June 1, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 64. Petitioner filed a reply on June 3, 2024, stating that she relies on the information provided in her original motion. Reply, ECF No. 65.

This matter is now ripe for determination.

**II. Legal Framework**

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

2

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.    Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for nearly five years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and the entitlement hearing will not take place until the fall of 2026, with a decision requiring additional time thereafter. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

## B.     Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for her counsel, Mr. Mark Sadaka: $405 for work performed in 2019; $422 for work performed in 2020; $444 for work performed in 2021; $458 for work performed in 2022; $482 for work performed in 2023; and $563 for work performed in 2024. The rates requested for 2019 through 2023 are consistent with what Mr. Sadaka has previously been awarded. However, Mr. Sadaka's hourly rate has been set and awarded for 2024 at $515, resulting in a reduction of **$163.20**.[4] *See Efron v. Sec'y of Health & Human Servs.*, No. 20-1405V, 2024 WL 4604594 (Fed. Cl. Spec. Mstr. Sept. 25, 2024).

## C.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323,

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] $563 - $515 = $48 x 3.4 hours = $163.20.

at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$45,077.20.**

**D.     Reasonable Costs**

Petitioner requests a total of $14,816.39 in costs. Motion for Interim Fees, Ex. A at 33. The requested costs consist of securing medical records, postage, and costs associated with petitioner's experts, Dr. Joseph Jeret and Dr. David Axelrod. *Id*.

Petitioner requests $5,750.00 for Dr. Jeret, for 11.5 hours of work at rate of $500 per hour. This rate is consistent with that Dr. Jeret has been awarded previously, and the undersigned finds the time spent reasonable and well-documented. *See Williams v. Sec'y of Health & Human Servs.*, No. 19-1269V, 2024 WL 1253768 (Fed. Cl. Spec. Mstr. Feb. 28, 2024). For Dr. Axelrod, petitioner requests $9,000.00, for 22.5 hours of work at a rate of $400.00 per hour. Dr. Axelrod's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records and time spent appear reasonable. *See Jinkerson v. Sec'y of Health & Human Servs.*, No. 18-1355V, 2024 WL 3760329 (Fed. Cl. Spec. Mstr. July 11, 2024).

The costs requested by petitioner are typical in the Vaccine Program, petitioner has provided adequate documentation to support all her requested costs, and they appear reasonable in the undersigned's experience. Accordingly, petitioner is awarded **$14,816.39** in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED, in part.** Accordingly, I award a total of **$59,893.59,** representing $45,077.20 in attorneys' fees and $14,816.39 in costs, in the form of a check payable jointly to **petitioner and petitioner's counsel, Mark Sadaka, Esq.** The clerk shall enter judgment accordingly.[5]

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master